# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-725 c/w 23-724


**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT**

**VERSUS**

**WALMART DISTRIBUTION CENTER AND CLAIMS MANAGEMENT, INC.**


**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION #4
PARISH OF LAFAYETTE, No. 13-05970 c/w 10-11529
ANTHONY PALERMO, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS; JUDGMENT RENDERED.**


`

Keith J. Landry
Parker & Landry
201 Johnson Street, Suite 200
Alexandria, Louisiana 71301
(337) 362-2600
**COUNSEL FOR DEFENDANT/APPELLEE:**
    Walmart Stores, Inc.

Jacqueline K. Becker
Galloway Jefcoat, L.L.P.
P.O. Box 61550
Lafayette, Louisiana 70596-1550
(337) 984-8020
**COUNSEL FOR CLAIMANT/APPELLANT:**
    Mona LeBlanc

**PERRY, Judge.**

For the reasons assigned in *Mona LeBlanc v. Walmart Stores, Inc. and Claims Management, Inc.*, 23-724 (La.App. 3 Cir. 9/__/24), ____ So.3d ____, handed down this day, the following judgment is provided in this consolidated matter:

**IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the Workers' Compensation judge which found that Mona LeBlanc's stiff person syndrome was not related to the work accident of November 2, 2010, is reversed and set aside.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the judgment of the Workers' Compensation Judge which found Mona LeBlanc capable of engaging in gainful employment in a sedentary capacity and which granted Walmart Stores, Inc.'s motion to modify judgment is reversed and set aside.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that those portions of the Workers' Compensation Judge's judgment which denied penalties and attorney fees are affirmed in all respects but one, namely, the untimely payment to Dr. Michael E. Heard of outstanding medical payments after our judgment of November 14, 2015, became final.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that for its untimely payment of the outstanding medical billings due to Dr. Michael E. Heard after our judgment of November 14, 2015, became final, Walmart Stores, Inc. is required to pay Mona LeBlanc a penalty of $3,000.00 and an attorney fee of $5,000.00, together with legal interest on the penalty and attorney fee award from the date of judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that for legal work done by counsel for Mona LeBlanc on this appeal, we award her an attorney fee of $5,000.00.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this matter is remanded to the Workers' Compensation Judge to address Mona LeBlanc's motion to modify the judgment of February 19, 2015, to increase her disability from temporary and total disability to permanent and total disability. In doing so, the Workers' Compensation Judge is to entertain updated information on Mona LeBlanc's physical limitations, as well as her medical condition since the time of her last hearing in the trial court. Furthermore, the Workers' Compensation Judge is instructed to consider Mona LeBlanc's request for the payment of Dr. Michael E. Heard's medical billings, determine those sums and other like charges from his office that have occurred subsequently, address whether Dr. Michael E. Heard's treatment as reflected in those medical billings was reasonable and necessary, and make an award accordingly. On remand, the Workers' Compensation Judge is further instructed to determine Mona LeBlanc's counsel's request for attorney fees for the recovery of benefits sought at the trial level.

The costs of this appeal are assessed one-half to Walmart Stores, Inc. and one-half to Mona LeBlanc.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS; JUDGMENT RENDERED.**